**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

**MICHELLE & JARETT FORZANO,**

    *Plaintiffs,*

Case No.

v.

Complaint and Demand for Jury Trial

**GENERAL MOTORS, LLC,**

    *Defendant.*

## COMPLAINT

**MICHELLE & JARETT FORZANO** ("Plaintiffs"), by and through their attorneys, Kimmel & Silverman, P.C., allege the following against **GENERAL MOTORS, LLC** ("Defendant"):

## INTRODUCTION

1.    Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., §2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, the Connecticut Unfair Trade Practices Act, Title 42, §184 & Chapter 735a, §§42-110a-42-110q and the Connecticut Lemon Law pursuant to Title 42, Ch. 743b, §§179-190.

## JURISDICTION AND VENUE

2.    Plaintiffs are located in Newtown, CT 06470.

3.    Defendant General Motors, LLC is a company with its principal place of business located at 300 Renaissance Center, Detroit, MI 48243.

1

4.     Accordingly, diversity of citizenship exists.

5.     Plaintiffs seek damages for the "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages, costs, and attorney's fees. Additionally, Plaintiff seeks trebled damages.

6.     Plaintiffs' claims in this matter exceed $75,000.00 in damages.

7.     Accordingly, this Court has diversity jurisdiction over this matter.

8.     This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

9.     Venue is proper under 28 U.S.C. §1391(b)(2) because Plaintiffs drives, registered and had repaired the subject vehicle in this District and a substantial part of the events giving rise to the Plaintiffs' claims occurred within this District.

## PARTIES

10.    Plaintiffs are located in Newtown, CT 06470.

11.    Defendant is a company with its principal place of business located at 300 Renaissance Center, Detroit, MI 48243.

## FACTUAL ALLEGATIONS

12.    On or about September 18, 2024, Plaintiffs purchased a new 2025 Cadillac XT5 bearing the Vehicle Identification Number 1GYKNGRS8SZ102632 (hereinafter the "vehicle") from Stephen Cadillac GMC, Inc. located in Bristol, CT 06010. A true and accurate copy of the Retail Installment Sales Contract is attached as **Exhibit "A".**

13.    At all times relevant hereto, the subject vehicle was registered in the State of Connecticut.

14.     The contract price of the vehicle, including purchase option, registration charges, document fees, sales tax, finance and bank charges totaled more than $75,747.40. *See* **Exhibit "A".**

15.     In consideration for the purchase, Defendant issued to Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

16.     The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the purchase of Defendant's product by Plaintiffs.

17.     Defendant issued an express written warranty as well as other guarantees, affirmations and undertakings as detailed in Defendant's warranty materials and owner's manual.

18.     The vehicle has required repairs and they have been attempted by Defendant's authorized service facility, however they were largely, if not entirely, ineffective. As a result of these, the use, value and safety of the vehicle have been substantially impaired and unable to be utilized for its intended purposes.

19.     Plaintiffs have delivered the vehicle to Defendant's authorized service and repair facilities, Stephen Automall Centre and Ingersoll Automotive ("Service Facility"), on October 23, 2024, November 13, 2024, December 3, 2024, February 7, 2025, March 3, 2025, September 26, 2025, October 3, 2025, December 4, 2025, and December 11, 2025. A true and accurate copy of the Repair Orders are attached as **Exhibit "B".**

- October 23, 2024-October 30, 2024; 1,247 miles. Plaintiffs presented the vehicle to the authorized dealership for glove box not closing and tailgate misaligned. The

vehicle was kept out of service for **eight (8) days** in connection with this repair attempt.

- November 13, 2024; 1,666 miles. Plaintiffs presented the vehicle to the authorized dealership for glove box not closing, sunroof/headliner needs to be adjusted and rattle noise. The vehicle was kept out of service for **one (1) day** in connection with this repair attempt.

- December 3, 2024-December 16, 2024; 2,589 miles. Plaintiffs presented the vehicle to the authorized dealership for glove box not closing, rattle noise, window molding warped and thumping noise. The vehicle was kept out of service for **fourteen (14) days** in connection with this repair attempt.

- February 7, 2025; 4,888 miles. Plaintiffs presented the vehicle to the authorized dealership for thumping noise and odd smell in cabin. The vehicle was kept out of service for **one (1) day** in connection with this repair attempt.

- March 3, 2025-March 14, 2025; 5,483 miles. Plaintiffs presented the vehicle to the authorized dealership for thumping noise and interior weatherstripping needs to be reinstalled. The vehicle was kept out of service for **twelve (12) days** in connection with this repair attempt.

- September 26, 2025-October 1, 2025; 9,814 miles. Plaintiffs presented the vehicle to the authorized dealership for thumping noise, pedal sticks and no start condition. The vehicle was kept out of service for **six (6) days** in connection with this repair attempt.

- October 3, 2025-October 20, 2025; 9,837 miles. Plaintiffs presented the vehicle to the authorized dealership for thumping noise and condensation in taillights. The

vehicle was kept out of service for **eighteen (18) days** in connection with this repair attempt.

- December 4, 2025-December 11, 2025; 11,205 miles. Plaintiffs presented the vehicle to the authorized dealership for thumping noise, pedal sticks, no start condition, rattle noise and condensation in taillights. The vehicle was kept out of service for **eight (8) days** in connection with this repair attempt.

- December 11, 2025-December 12, 2025; 11,260 miles. Plaintiffs presented the vehicle to the authorized dealership for thumping noise. The vehicle was kept out of service for **two (2) days** in connection with this repair attempt

20.    The vehicle was and continues to be defective and exhibit non-conformities.

21.    The vehicle remains in a defective and/or unreliable state and is substantially impaired.

22.    The repetitive defects and non-conformities reveal the inability of its authorized service dealers, to repair the vehicle in accordance with the warranty obligations owed.

23.    Plaintiffs no longer feels safe driving the subject vehicle and justifiably has no confidence in the dealer's efforts to permanently repair it and/or in the reliablity of the subject vehicle.

**FIRST CAUSE OF ACTION**
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301, et seq.**

24.    Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully stated herein.

25.    Plaintiffs are a "consumer" as defined in 15 U.S.C. § 2301(3).

26.    Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

27.    The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

28.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

29.    15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiffs.

30.    Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs ineffective.

31.    Defendant has failed to remedy the defects and non-conformities within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the vehicle.

32.    The vehicle does not meet the safety and reliability standards promised by Defendant.

33.    As a result of Defendant's inability to make the vehicle conform to the warranty standard and being unable and/or unwilling to remedy valid vehicle concerns, the Plaintiffs have been required to retain legal counsel and seek legal redress.

34.    The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

      a.    If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he/she may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

35.     Plaintiffs have afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

36.     As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and obligations, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

37.     Further as the written warranty was not provided to Plaintiffs until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

38.     Plaintiffs aver that upon successfully prevailing upon the Magnuson-Moss claim herein, Plaintiffs are entitled to damages plus all attorney fees and costs. As such Plaintiffs respectfully demands judgment against Defendant in an amount equal to the diminution in value of the vehicle, which could be as much as the total price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

### SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.**

39.     Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Defendant is a merchant with respect to motor vehicles.

41.     The vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308, running from the Defendant to the Plaintiffs.

42.     An implied warranty that the vehicle was merchantable arose by operation of law as part of the purchase of the vehicle.

43.     Defendant has breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiffs purchased it, or thereafter, and it is substantially unfit for the ordinary purposes for which such vehicles are used.

44.     The persistent and unresolved defects are unreasonably dangerous and distracting, especially when issues described above occur while the vehicle is being driven. The clear risk of accident and/or injuries to driver, passengers, and others who share the road as a result of these constitute a breach of implied warranty by Defendant.

45.     Plaintiffs notified Defendant of these defects within a reasonable time after Plaintiffs discovered them and returned the vehicle for repairs.

46.     As a result of Defendant's several incidences of breach, Plaintiffs have suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

**THIRD CAUSE OF ACTION**
**Breach of Express Warranties**

47.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     Plaintiffs relied on Defendant's warranties when Plaintiffs agreed to purchase the vehicle as a basis of the bargain.

49.     Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to fully repair the defects.

50.     Plaintiffs have given Defendant a reasonable number of opportunities to bring the vehicle into compliance with the warranty obligations, but Defendant has been unable to do so within a reasonable time and any repairs that were performed, were not permanent.

51.    As a result of said nonconformities, Plaintiffs cannot reasonably rely on the vehicle for ordinary purposes, which are safe, reliable and efficient transportation.

52.    Plaintiffs did not and could not have discovered said nonconformities with the vehicle prior to Plaintiffs' acceptance of the vehicle, however at the time of purchase Defendant was aware that this model was built and sold with the known defects and non-conformities. In fact, Defendant was so well aware of these issues that it developed a number of different technical service bulletins, also known as "secret warranties", intending to address the issues. As seen however, even these measures were short-lived.

53.    Plaintiffs would not have purchased the vehicle, had Plaintiffs known that the vehicle contained the aforementioned defects.

54.    As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiffs have suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of the vehicle, and a diminution in the value of the vehicle with the defects identified herein.

## FOURTH CAUSE OF ACTION
### Violation of the Connecticut Unfair Trade Practices Act
### Title 42, §184 & Chapter 735a, §§42-110a-42-110q

55.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.    Defendant is in the business of 'trade' and 'commerce' within the meaning of Connecticut Statute Title 42, § 110(a).

57.    Plaintiffs are consumers and a 'persons' within the meaning of Connecticut Statute Title 42, § 110(a).

58.     The conduct of Defendant, as alleged herein, constitutes unfair and deceptive acts and practices in commerce, within the meaning of Connecticut Statute Title 42, § 184 & Chapter 735a, §§42-110a-42-110q, and as a result thereof, Plaintiffs have been permanently and irreparably harmed.

59.     As a direct and proximate result of Defendant's failure to comply with the implied and express warranties that accompanied Plaintiffs' purchase of the vehicle, Plaintiffs have suffered damages and, in accordance with Connecticut Statute Title 42, Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

### FIFTH CAUSE OF ACTION
**Violation of Connecticut Statute Title 42, Ch. 743b, §§179-190 "Lemon Law"**

60.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     Defendant, through its authorized repair agent(s), made four or more repair attempts to address the same general defect in the vehicle without success.

62.     Defendant through its authorized repair agent(s) kept the vehicle out of service for repair for 30 business days or more during the first two years or 24,000 miles.

63.     Defendant failed to provide Plaintiffs with accurate warranty receipts of each and every repair attempted on the vehicle.

64.     Plaintiffs noticed Defendant the intention to return the vehicle for a repurchase or replacement.

65.     Defendant purchased Plaintiffs a defective vehicle that has never met the original purpose of "dependable, reliable and safe transportation," and has hindered Plaintiffs with consistent malfunctions and impairments of use.

66.  Due to Defendant's violation(s) of Connecticut Statute Title 42, Ch. 743b § 179-190, Plaintiffs have incurred damages.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs, **MICHELLE & JARETT FORZANO**, respectfully pray for judgment as follows:

a.  An order approving revocation of acceptance of the subject vehicle;
b.  The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;
c.  Incidental and consequential damages;
d.  For a trial by jury on all issues except the determination of reasonable attorney's fees and costs which are reserved for determination by the
e.  Court in the event that Plaintiffs prevail at a trial on the merits and after all attorney time and effort has been completed;
f.  An award of treble damages as permitted under Connecticut Statute Title 42, §184 & Chapter 735a, §§42-110a-42-110q;
g.  Costs, including expert witness fees and reasonable attorney's fees; and
h.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **MICHELLE & JARETT FORZANO,** demand a jury trial in this case.

Respectfully submitted,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
(401) 764-5566
atroccoli@creditlaw.com